Argued December 16, 1896; decided February 8, 1897.

## PATTERSON v. PILOT COMMISSIONERS.
### (47 Pac. 786.)

PILOT COMMISSIONERS—RENEWAL OF LICENSE—VESTED RIGHT—NOTICE.—Under section 3904, Hill's Code, providing that the board of pilot commissioners shall issue pilot licenses in such number as shall seem appropriate, and section 3907, directing that licenses so granted shall be annually renewed, unless for good cause, to be determined by the board, in which case the holder ·of a license shall be notified ten days before the expiration of his license, and shall be entitled to a hearing, the board cannot decline to renew a license once issued, except for cause, to be determined in the manner and after the notice required by the latter section. After a license is once issued, the right to a ·renewal thereof becomes, under the statutes cited, a vested and valuable right, of which the holder cannot be deprived without notice, on any ground whatever.

From Clatsop: THOS. A. MCBRIDE, Judge.

Mandamus by W. H. Patterson against Fox and ·others, constituting the State Board of Pilot Commissioners, to compel the issuance of a renewal license. The ·writ was made peremptory, and defendants appeal.

AFFIRMED.

For appellants there was a brief and an oral argument ·by *Mr. Joel M. Long.*

For respondent there was a brief and an oral argument ·by *Mr. Chas. W. Fulton.*

Opinion by MR. JUSTICE BEAN.

This is a proceeding by mandamus to compel the ·board of pilot commissioners to renew a license issued to the petitioner as a river pilot in July, 1893, and comes here on an appeal from a judgment in his favor. The act ·creating the board of pilot commissioners and prescribing ·its powers and duties (Laws 1882, p. 15, sections 3892,

3933, Hill's Code) defines the bar and river pilot-grounds of the Columbia and Willamette Rivers, and prohibits any person from acting as a pilot thereon unless duly licensed so to do by the board. Section 13 thereof, being section 3904 of Hill's Code, provides that "the board has the power, and it is its duty, under this act, to maintain a sufficient number of capable pilots upon the bar and river pilot-grounds, and to exercise a general supervision over the subject of pilotage upon said grounds, and to that end may do and provide as follows: Examine and license pilots for said pilot-grounds, and limit the number of pilots and pilot-boats allowed thereon." Section 14 (Code, § 3905) requires the board to report annually to the governor. Section 15 (Code, § 3906) provides that licenses shall be issued for the term of one year; and section 16 (Code, § 3907) is as follows: "A license granted to a pilot under this act shall, as a matter of course, be annually renewed, unless the board determines that there is good cause for withholding such renewal, in which case it shall direct the secretary to notify such pilot in writing, at least ten days before the expiration of his license, of such determination and the cause thereof, and such pilot may thereupon apply within ten days for a hearing in regard to such cause for withholding the license, which shall be granted; and if upon such hearing it appears to the satisfaction of the board that there is no sufficient cause for withholding the license, it shall be renewed of course, and not otherwise." In 1889 the legislature amended section 13 by eliminating therefrom that portion authorizing the board to limit the number of pilots and pilot-boats allowed on the pilot-grounds (Laws 1889, p. 12), but in 1893 that provision was again restored (Laws 1893, p. 11), so that at the time this controversy arose the law in this respect was the same as originally enacted. The facts in the case are that in July, 1889, the petitioner

was duly licensed as a river pilot for the term of one year, and such license was thereafter annually renewed until 1894, when the board, without any previous notice to him whatever, declined to renew the same on the ground that in its judgment there was a sufficient number of pilots to meet the demands of commerce, and directed that the petitioner be so notified. No question was made, either in the court below or here, as to the competency of the petitioner to act as a river pilot, so that the only question to be determined in this proceeding is whether the board of pilot commissioners may, without notice, lawfully refuse to renew a license on the ground above stated.

The contention for the defendant is that the power to limit the number of pilots given by section 3904 of the Code includes the power to withhold from licensed pilots renewals of their annual licenses without notice; while the petitioner contends that a license duly issued must be annually renewed, unless such renewal is withheld for cause, to be determined in the manner and after the notice required by section 3907, and in this position we think he is correct. The several provisions of the statute on this question must be construed together, and effect given to all. Now, by section 3904 the board is clearly authorized and empowered to limit the number of pilots, but this power must be exercised in conformity with the provisions of section 3907, which plainly protects the holder of a license by requiring that it shall be annually renewed as a matter of course, unless, after notice, and a hearing if desired, the board shall determine that there is good cause for withholding such renewal. In other words, the effect of the statute is that the board may, in the first instance, refuse to license an applicant because the number of pilots allowed by it is complete, but, after having issued a license, it must renew the same as a matter of course unless it proceed in the manner pointed out. In

short, after a license is once issued, a right to the renewal thereof becomes, under the statute, a vested and valuable right, of which the holder cannot be deprived without notice. This, it seems to us, is the plain interpretation of the statute, and any other would be contrary to the expressed legislative will.

It was argued, however, for the defendants, that the provisions of section 3907 have reference only to a case where the refusal is to be based upon some reason personal to the particular pilot, but this is giving to the statute a construction unwarranted by its language. It clearly declares that a license granted to a pilot shall be renewed as a matter of course, unless he is notified of a determination not to renew it, and the cause thereof, and thus given an opportunity to be heard on the matter. The statute makes no distinction as to the method of procedure in a case where the pilot commissioners desire to withhold the renewal of a license because of the alleged incompetency or unfitness of a particular pilot, and one where they desire to withhold such renewal on the ground that the interests of commerce require the number of pilots to be reduced. In either case the pilot to be affected is entitled to notice, and an opportunity to present such reasons as he may have why the contemplated order should not be made. It may be within the official judgment and discretion of the board to reduce the number of pilots as their several licenses shall expire; but, if so, the law has provided that it shall not be done without notice. It was also urged at the argument that the board was justified in refusing to renew the license of the petitioner because he had not been engaged in the active pilot service during the previous year. But that question is not here. No notice was ever given him of the intention to withhold his license on that account.

AFFIRMED.